# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Matthew R. DiBlasi
+1 212-513-3539
Matthew.DiBlasi@hklaw.com

Kayla L. Pragid
+1 561-650-8303
Kayla.Pragid@hklaw.com

SEPTEMBER 9, 2022

*VIA ECF*
The Honorable Eric. N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *State Farm Mutual Auto. Ins. Co., et al. v. Herschel Kotkes, M.D., P.C., et al.,*
                No. 1:22-cv-03611(ENV)(RER) – Letter Response

Dear Judge Vitaliano:

      We represent Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("Plaintiffs") in the above-referenced matter. We write in response to Defendants' Herschel Kotkes, MD, PC and Herschel Kotkes, MD ("Defendants") September 2, 2022 Letter—which was filed well after the responsive deadlines (July 19th and July 28th) and after repeatedly failing to comply with extensions granted by Plaintiffs for the purposes of filing an *Answer* (not a motion to dismiss). As set forth below, Defendants' request should be denied because: (1) the allegations in the Complaint satisfy Rule 9(b)'s particularity requirement—as supported by dozens of courts nationwide; and (2) Defendants seek to raise factual issues in their anticipated motion to dismiss—which are not properly raised at the pleading stage.

1. **PLAINTIFFS' CLAIMS ARE STATED WITH PARTICULARITY**

      There is no merit to Defendants' argument the Complaint is not pled with particularity as required by Rule 9(b). The Complaint contains dozens of detailed allegations explaining the fraud scheme, including that Defendants defrauded Plaintiffs by submitting bills and medical records for services that were not performed in accordance with applicable laws and regulations and were not medically necessary. *See* [ECF No. 1 at ¶¶ 1-2, 11-17, 28-31, 33, 51, 64, 67, 123, 128, 132, 134, 143, and 146]. These allegations are supported by particularized facts and exemplars, as well as sample medical records and detailed summary exhibits. For example:

- The Treatment Summary Exhibit contains twenty-two data points of factual information detailing the treatment date (i.e., date of misrepresentation), the treating provider and billing entity (i.e., who made the misrepresentation), and the treatment and diagnosis patterns that are fraudulent (i.e., the misrepresentations). *See* (ECF No. 1-1). This provides the who, what, where, when, and why for each fraudulent misrepresentation;

- The Complaint includes detailed patient examples and representative samples of Defendants' medical records to provide context for Plaintiffs' allegations and to put

> Defendants on notice as to the types of fraudulent treatment complained of. *See* (ECF No. 1 at ¶¶ 36, 42, 45-46, 49-51, 55, 62, 88, 97, 103, 109, and 114-116); (ECF No. 1-3); (ECF No. 1-4); (ECF No. 1-5); (ECF No. 1-6); (ECF No. 1-7); (ECF No. 1-8); (ECF No. 1-10);

- The Damages Summary Exhibit states the amount Defendants billed and the amount Plaintiffs paid Defendants on each claim for each patient. *See* (ECF No. 1-2); and

- Testimony from Dr. Kotkes himself supporting the allegations in the Complaint.

Tellingly, at least nineteen District Courts in this district and elsewhere have sustained complaints brought by insurance companies alleging similar fraud claims founded on non-individualized and medically unnecessary medical treatment. *See e.g., State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-9792, 2015 WL 4104840, at *2 (S.D. N.Y. June 18, 2015) (upholding fraud claims where State Farm plead medical "services were either not medically necessary or were never performed"); *Allstate Ins. Co. v. Etienne*, No. 09-cv-3582, 2010 WL 4338333, at *1, 10 (E.D.N.Y. Oct. 26, 2010) (denying motions to dismiss based on Rule 9(b) where insurer alleged the medical providers submitted fraudulent and upcoded initial exams that were "pre-determined" and not medically necessary and where complaint attached "charts that provide[d] a detailed representative sampling" of fraudulent treatment); *Allstate Ins. Co. v. Rozenberg*, 590 F. Supp. 2d 384, 387-88, 394 (E.D.N.Y. 2008) (fraud claims plead with particularity because complaint "described the allegedly fraudulent scheme, and each Defendants' role in the scheme, with exacting detail" including attaching "exhibits detailing the dates and specific instances of fraudulent submissions"); *State Farm Mut. Auto. Ins. Co. v. Complete Care Ctrs., LLC*, No. 6:20-CV-1240-WWB-EJK, 2021 WL 2946280, at *5 (M.D. Fla. July 12, 2021) (holding State Farm's "allegations [were] fully supported by specific facts set forth in the Complaint and the attached records containing the claim number, patient initials, dates of service, and the provider" and noting that "[n]umerous courts have found such allegations to be sufficient under Rule 9."); *Allstate Ins. Co. v. Utica Physical Therapy, Inc.*, No. 17-cv-13823, 2018 WL 3037885, at *4-5 (E.D. Mich. June 19, 2018) (denying motion to dismiss fraud claims against medical providers where the complaint alleged providers engaged in a predetermined treatment protocol, provided detailed factual allegations regarding the scheme, and identified exemplar fraudulent claims); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-cv-13040, 2017 WL 877396, at *7 (E.D. Mich. Mar. 6, 2017) (denying motion to dismiss fraud claims against medical providers where the complaint alleged providers engaged in a fraudulent predetermined protocol and supported allegations with a description of how the fraud scheme worked and detailed charts); *State Farm Mut. Auto. Ins. Co. v. Vital Cmty. Care*, P.C., No. 17-cv-11721, 2018 WL 2194019, at *7 (E.D. Mich. May 14, 2018) (rejecting a Rule 9(b) challenge and stating "no reason to spend much time analyzing Defendants' arguments for why State Farm's pleading is insufficient, as these are challenges other defendants have raised unsuccessfully in several similar cases brought by State Farm in which State Farm details the purported fraud" with factual allegations and detailed charts); *State Farm Mut. Auto. Ins. Co. v. Warren Chiro. & Rehab Clinic, P.C.*, No. 14-cv-11521, 2015 WL 4724829, at *7-8 (E.D. Mich. Aug. 10, 2015) (upholding fraud claim because "[n]umerous courts have concluded that such documentation and explanation of the fraudulent scheme satisfies Rule 9(b), because it sufficiently puts the defendants on notice of the claims against which they will have to defend"); *Ill. Farmers Ins. Co. v. Lake St. Chiro. Clinic, P.A.*, No. 17-cv-5090, 2018 WL 2390133, at *3 (D. Minn. May 25, 2018); *State Farm Mut. Auto. Ins. Co. v. Lake St. Chiro. Clinic, P.A.*, No. 16-cv-4017, 2017 WL 1014336, at *3 (D. Minn. Mar. 14, 2017); *State Farm Mut. Auto. Ins. Co. v. Stavropolskiy*, No. 15-cv-5929, 2016 WL 2897427, at *2 (E.D. Pa. May 16, 2016);

*State Farm Mut. Auto. Ins. Co. v. Healthcare Chiro. Clinic, Inc.*, No. 15-cv-02527, 2015 WL 6445324, at *6-8 (D. Minn. Oct. 23, 2015); *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 509284, at *5 (E.D. Mich. Jan. 12, 2013); *State Farm Mut. Auto. Ins. Co. v. Ficchi*, No. 10-cv-555, 2012 WL 1578247, at *1 (E.D. Pa. May 4, 2012); *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC,* 107 F. Supp. 3d 772, 794-95 (E.D. Mich. 2015); *State Farm Mut. Auto. Ins. Co. v. Radden*, No. 14-cv-13299, 2015 WL 631965, at *1 (E.D. Mich. Feb. 13, 2015); *State Farm Mut. Auto Ins. Co. v. Universal Health Grp., Inc.*, No. 14-cv-10266, 2014 WL 5427170, at *3 (E.D. Mich. Oct. 24, 2014); *State Farm Mut. Auto. Ins. Co. v. Kugler*, No. 11-cv-80051, 2011 WL 4389915, at *4 (S.D. Fla. Sept. 21, 2011); *Metro. Prop. And Cas. Ins. Co. v. Savin Hill Family Chiro., Inc.*, 266 F.Supp. 3d 502, 532-34 (D. Mass. 2017).

Thus, Plaintiffs have undoubtedly satisfied Rule 9(b)'s requirements and stated a claim upon which relief can be granted. A ruling otherwise would be in stark contrast to the overwhelming authority, not only in this District, but nationwide. Not surprisingly, Defendants fail to cite to a *single* case stating otherwise.

2. **DEFENDANTS IMPROPERLY SEEK TO RAISE FACTUAL ISSUES AT THE PLEADING STAGE**

Defendants' request should also be denied because they seek to raise factual issues and argue the merits of the case in their proposed motion to dismiss—neither of which is appropriate at the pleading stage. Defendants contend, for example, the Complaint fails because the Treatment Summary Exhibit mischaracterizes Dr. Kotkes' treatment recommendations and certain patient examples highlighted in the Complaint are undermined by "documented radicular symptoms" or are insufficient because they are based solely on "Dr. Kotkes' prior record review." These arguments are improperly raised at the pleading stage because they are merely a denial of the allegations of the Complaint, not a failure to state a claim nor a failure to put Defendants on notice as to the claims against them (i.e., not a Rule 9(b) pleading deficiency).[1] It would be inappropriate to raise these arguments in a motion to dismiss because, at the pleading stage, this Court is required to draw all reasonable inferences in Plaintiffs' favor. *See Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 432 F. Supp. 3d 320, 324 (S.D.N.Y. 2020); *Nat'l Coal. on Black Civic Participation v. Wohl*, 512 F. Supp. 3d 500, 514 (S.D.N.Y. 2021). "[I]n resolving a Rule 12(b)(6) motion, the Court's task is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *TFS-ICAP, LLC*, 432 F. Supp. 3d at 324 (citations omitted); *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 235 (S.D.N.Y. 2021) ("The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion.") (quotations omitted). Consequently, this Court should decline Defendants' late-filed request to file a motion to dismiss.

We thank the Court for its consideration of the above issue and are available should Your Honor wish to discuss further.

Respectfully,
/s/ *Matthew R. DiBlasi*
Matthew R. DiBlasi
Kayla L. Pragid
*Counsel for Plaintiffs*

---

[1] Defendants also clearly understand the allegations against them because they are seeking to dispute the substantive allegations raised (i.e., Defendants are properly on notice).